IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY LEE McDANIELS, #1074251, ) | | |
|       Petitioner, ) | | |
| ) | | |
| v. ) | 3:05-CV-0215-L | |
| ) | ECF | |
| DOUGLAS DRETKE, Director, Texas Dep't ) | | |
| of Criminal Justice, Correctional Institutions ) | | |
| Division, ) | | |
|       Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief filed by a *pro se* state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated in the Texas Department of Criminal Justice - - Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The Court issued process in this case.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner for the felony offense of retaliation for threatening to kill a Dallas police officer in the 282nd District Court of Dallas County, Texas, in Cause No. F00-57105-QS. After finding both enhancement paragraphs true, the trial court sentenced him to twenty-seven years imprisonment.

The Fifth District Court of Appeals affirmed the conviction on direct appeal. <u>McDaniels v. State</u>, No. 05-01-01831-CR (Tex. App. -- Dallas 2002, pet. ref'd) (unpublished). The Texas Court of Criminal Appeals refused a petition for discretionary review on April 2, 2003.

Thereafter, on February 19, 2004, Petitioner sought state habeas corpus relief. On September 29, 2004, the Texas Court of Criminal Appeals denied the state application without written order on the findings of the trial court without a hearing.

In this federal habeas action, filed on January 31, 2005, Petitioner alleges that trial counsel rendered ineffective assistance when he (a) failed to investigate, order records, call witnesses, and hire an investigator, (b) failed to present evidence of culpable mental state to support the defense, and (c) introduced his history of past criminal conduct. He further alleges that the evidence was factually insufficient.[1]

In response to this Court's order to show cause, Respondent's filed an answer along with the state court record. Petitioner filed a reply.

<u>Findings and Conclusions</u>: In his first three grounds Petitioner alleges counsel rendered ineffective assistance at trial. A claim of ineffective assistance of counsel presents a mixed question of law and fact. <u>See</u> <u>Miller v. Dretke</u>, 420 F.3d 356, 360 (5th Cir. 2005); <u>Valdez v. Cockrell</u>, 274 F.3d 941, 946 (5th Cir. 2001). Because Petitioner's claims were adjudicated on the merits during state habeas corpus review, the state court's decision will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1] Petitioner initially filed a memorandum in support, dated January 25, 2005, which was docketed as a habeas corpus petition. (Docket #1). In response to this Court's notice of deficiency and order, Petitioner later submitted a habeas corpus petition on the court approved form. (Docket #4).

2

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The clearly established federal law governing ineffective-assistance claims is set out in Strickland v. Washington, 466 U.S. 668, 104 S. Ct 2052, 80 L. Ed. 2d. 674, (1984). To assert a successful claim under *Strickland,* a federal habeas corpus petitioner must establish (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. at 2064. See also Williams v. Taylor, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 1512-16 (2000); Ward v. Dretke, 420 F.3d 479, 487 (5th Cir. 2005), pet. for cert. filed (Jan. 19, 2006) (No. 05-914). In evaluating a counsel's performance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Titsworth v. Dretke, 401 F.3d 301, 310 (5th Cir. 2005) (citing Strickland*,* 466 U.S. at 689, 104 S. Ct. 2052), cert. denied, 126 S. Ct. 1022 (2006). In determining prejudice, a reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S. Ct. 2052. The failure to prove either deficient performance or actual prejudice is fatal to an ineffective-assistance claim. See Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998).

In his first ground, Petitioner alleges counsel failed to investigate, order records, call witnesses, and hire an investigator. (Pet. at 7). Allegations of a counsel's failure to investigate must include with specificity what the investigation would have revealed and how it would have altered the outcome of a defendant's case. Lockett v. Anderson, 230 F.3d 695, 713 (5th Cir. 2000). The duty to investigate includes the duty to locate exculpatory witnesses. Gray v. Lucas*,* 677 F.2d 1086, 1093 n. 5 (5th Cir. 1982); United States ex rel. Hampton v. Leibach*,* 347 F.3d

3

219, 236 (7th Cir. 2003).  Complaints of uncalled witnesses, however, are not favored on collateral review because allegations of what the witnesses would have testified to are largely speculative.  Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).  "'[T]o demonstrate the requisite Strickland prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified . . . .'"  Id. (quoting Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985)).

Petitioner's contentions are conclusory at best and refuted by the record and his attorney's affidavit, which the trial court found credible.  Contrary to Petitioner's allegations, counsel secured the assistance of an investigator, see Tr. 9-11, conducted a reasonable investigation, and obtained all relevant medical records from the Veteran's Administration and the Dallas County Jail, see Ex parte McDaniel, No. 59,413-01, at 48 (Counsel's affidavit).  While he correctly notes that counsel "called no witnesses" to testify at his trial (Pet. at 7), he fails to identify any witness who would have been available and willing to testify.  This is a case where external circumstances prevented counsel from obtaining any witnesses.  In his affidavit, counsel stated as follows:

> The events of this case occurred on December 23, 2000.  Counsel was not appointed to represent Mr. McDaniel until April of 2001.  This and other circumstances did not permit an effective search of the area where the events of this case occurred for possible witnesses.  The area is dense with apartment complexes housing as transit a population as there is in the DFW area.  Additionally, Mr. McDaniel was almost entirely unfamiliar with the area where he came into contact with the officer who he says broke his arm.  He was unable to help in directing Counsel or the investigator as to where to go to try to find any possible witnesses.  Counsel's experience has been consistent in that, police almost never agree to assist defense counsel in sorting through the details of representing people like Mr. McDaniel.  Thus searching for witnesses  . . . who saw part or all of Mr. McDaniel's arrest would have been fruitless.  For all practical purposes, except for Mr. McDaniel and the police involved in his arrest there were no other witnesses.

4

Ex parte McDaniel, No. 59,413-01, at 48.

In his memorandum in support, Petitioner argues at length that counsel's investigation was insufficiently detailed, that the medical records were incomplete, and that witnesses could and should have been located to testify at his trial. (Memorandum in Support at 2-5). Basically Petitioner is of the opinion that counsel could and should have done more. (Id.). These unsupported allegations, however, are insufficient to demonstrate that counsel conduct fell below an objective standard of reasonableness. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

In his second ground, Petitioner alleges that counsel failed to present evidence that he lacked a culpable mental state to support the offense of retaliation. According to Petitioner, his erratic behavior prior to and following his arrest demonstrated a clear mental instability.

Petitioner's allegations are again conclusory. He fails to present evidence of his mental instability at the time of the offense. He merely points to the facts that he was drunk and unstable, and that he had been robbed. Moreover, as recognized by the state habeas court, counsel "considered and rejected a defense based on mental impairment, and instead sought to 'convince the jury that [McDaniel] . . . threatened the police officer because the man broke his arm.'" Ex parte McDaniel, No. 59,413-01, at 44. In light of his attorney's affidavit, found credible by the trial court, Petitioner has failed to demonstrate that his attorney's failure to raise an essentially frivolous issue constituted objectively deficient performance under the Sixth Amendment.

In his third ground, Petitioner alleges that counsel rendered ineffective assistance when

he introduced his history of past criminal conduct on direct examination. According to Petitioner, the introduction of his past criminal record placed his "trustworthiness in jeopardy without any further proof . . . and made it easy for the State to prove their case by discrediting Petitioner and boosting the State witnesses character in the eyes of the jury." (Memorandum in Support at 8-9).

Counsel's affidavit is silent about this issue. In his Memorandum in Support, Petitioner states that the silence of counsel's affidavit "confirmed everything" and that he did not need to rebut the presumption that counsel was following sound trial strategy. (Id. at 8). In this regard, he argues that "[a]ny reasonable person who is not train[ed] in the law could clearly see how this action of [his counsel] contributed to Petitioner's guilt and would place Petitioner's trustworthiness in jeopardy without any further proof." (Id.).

Under Texas law, evidence that a witness has been convicted of a felony or a crime of moral turpitude is admissible for impeachment purposes. See Tex.R. Evid. 609(a). Because it is readily apparent that evidence of Petitioner's prior convictions would have been admitted, counsel cannot be deemed ineffective for electing to bring that evidence before the jury through direct examination of Petitioner rather than waiting for the State to use it for impeachment purposes. King v. Dretke, 2005 WL 2316433, *4 -5 (N.D. Tex., 2005) (because the evidence was admissible for impeachment purposes, it was manifestly reasonable for defense counsel to ask petitioner about his prior conviction on direct examination). Moreover, considering Petitioner's desire to testify on his own behalf, bringing in evidence of the prior convictions on direct examination can be construed as nothing other than sound trial strategy. Petitioner has failed to demonstrate that his attorney's failure to raise an essentially frivolous issue constituted

objectively deficient performance under the Sixth Amendment.

The Texas Court of Criminal Appeal's application of the <u>Strickland</u> standards in this case did not constitute a contrary to or an unreasonable application of clearly established federal law. Petitioner's first, second and third grounds should, therefore, be denied.

In his fourth ground, Petitioner challenges the factual sufficiency of the evidence. He contends the evidence is factually insufficient to prove that he committed the offense of retaliation. Under Texas law, intermediate appellate courts conduct a "factual sufficiency" review of the evidence. <u>See</u> <u>Clewis v. State</u>, 922 S.W.2d 126 (Tex. Crim. App. 1996). In challenges to state convictions under 28 U.S.C. § 2254, only the legal sufficiency standard set out in <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19, 99 S. Ct 2781, 61 L. Ed. 2d 560 (1979), need be satisfied, even if state law would permit a broader standard of review. <u>Schrader v. Whitley</u>, 904 F.2d 282, 284 (5th Cir. 1990). Petitioner's factual sufficiency of the evidence claim does not raise a claim that is cognizable on federal habeas corpus review. Accordingly, his fourth ground should be denied.

Lastly, Petitioner requests an evidentiary hearing. (<u>See</u> Petitioner's Reply at 2). However, the AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 420, 433-34, 120 S. Ct. 1479, 1489 (2000) (prisoners who are at fault for the deficiency in the state court record must satisfy a heightened standard to obtain an evidentiary hearing); 28 U.S.C. § 2254(e)(2). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."

Williams v. Taylor, 529 U.S. at 437, 120 S. Ct. at 1491.  Under the AEDPA, if a petitioner failed to develop the factual basis of a claim in state court, he is entitled to a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence *and* (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.  Foster v. Johnson, 293 F.3d 766, 775 n. 9 (5th Cir. 2002); 28 U.S.C. § 2254(e)(2).

Petitioner was afforded a full and fair opportunity to develop and litigate his claims for relief during his state habeas corpus proceeding.  Petitioner has presented this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding.  Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims.  Petitioner does not offer any *rational* explanation for his failure to fully develop any and all evidence supporting his claims during his state habeas evidentiary hearing.  Nor does he identify any additional evidence which he and his state habeas counsel were unable to develop and present to petitioner's state habeas court despite the exercise of due diligence on their part.  Under such circumstances, Petitioner is not entitled to a federal evidentiary hearing to further develop the facts supporting his claims.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the petition for writ of habeas corpus.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 8th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc) a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.