U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 3 0 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| GARY LEE McDANIELS, #1074251, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0215-L |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On May 8, 2006, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed. Petitioner filed Objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Objections") on May 22, 2006.

On November 13, 2001, Petitioner was convicted of retaliation for threatening to kill a Dallas police officer, and sentenced to 27 years confinement. His conviction was affirmed on direct appeal by the Fifth District Court of Appeals on December 11, 2002. The Texas Court of Criminal Appeals refused a petition for discretionary review on April 2, 2003; and denied petitioner's state habeas application on February 19, 2004.

Order – Page 1

Petitioner filed this federal petition for writ on habeas corpus on January 31, 2005. He contends that: (1) he received ineffective assistance of counsel; and (2) the evidence was factually insufficient to convict him. Petitioner also seeks an evidentiary hearing.

The magistrate judge found that Petitioner's claims of ineffective assistance of counsel are unsupported and refuted by the record and his attorney's affidavit. The magistrate judge also found that Petitioner's factual sufficiency of the evidence claim does not raise a claim that is cognizable on federal habeas corpus review. The magistrate judge further determined that Petitioner is not entitled to a federal evidentiary hearing, as he has not met the requirements for such a hearing.* The magistrate judge recommends that the petition for a writ of habeas corpus be denied.

Petitioner objects to the Report, contending that he has limited access to legal publications, and is therefore at a disadvantage in this action. Petitioner also points out that he filed a motion to dismiss this action on May 22, 2006, as his parole is pending and he will be able to better develop his claims upon his release.

After making an independent review of the pleadings, file and record in this case, the findings of the magistrate judge, and having considered Petitioner's objection thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted

---

*The requirements for an evidentiary hearing are set out in 28 U.S.C. §2254(e), which states:

> (1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

**Order – Page 2**

as those of the court.   Accordingly, the court **overrules** Petitioner's Objections to Findings,

Conclusions, and Recommendation of the United States Magistrate Judge; **denies** Petitioner's

petition for the writ of habeas corpus; and **dismisses this action with prejudice**, as Petitioner has

failed to meet his burden of proof for the granting of relief under 28 U.S.C. § 2254(d).

**It is so ordered** this 30th day of May, 2006.

Sam A. Lindsay
United States District Judge

---

(2)   If the applicant has failed to develop the factual basis of a claim in State court
proceedings, the court shall not hold an evidentiary hearing on the claim unless
the applicant shows that--

(A)   the claim relies on–

(i)   a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable; or

(ii)   a factual predicate that could not have been previously
discovered through the exercise of due diligence; and

(B)   the facts underlying the claim would be sufficient to establish
by clear and convincing evidence that but for constitutional
error, no reasonable factfinder would have found the applicant
guilty of the underlying offense.

28 U.S.C. 2254(e)(1)(2).

**Order Page - 3**